```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

```
 JEROME WARD,                              No. 6:10-CR-06039 (MAT)
                                           No. 6:16-CV-06407 (MAT)
                          Movant,
          -vs-                             DECISION AND ORDER

 UNITED STATES OF AMERICA,

                          Respondent.
```
_____

## I. Introduction

Movant Jerome Ward ("Ward"), a federal prisoner, moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On January 24, 2013, Ward was convicted, upon his plea of guilty, of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). See docs. 46, 47. Ward was sentenced to a term of 77 months imprisonment with a six-year term of supervised release.

## II. Discussion

Ward was sentenced as a career offender under the United States Sentencing Guidelines ("the Guidelines"). See U.S.S.G. §§ 4B1.1, 4B1.2. In Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Guidelines as of the date of Ward's sentencing. As noted in his plea agreement, Ward's

sentence was enhanced based on predicate convictions of attempted robbery in the third degree (N.Y. Penal Law §§ 110.00, 160.05) and attempted criminal possession of a controlled substance in the fifth degree (N.Y. Penal Law §§ 110.00, 220.06). Ward argues that his attempted third-degree robbery conviction no longer qualifies as a crime of violence in the aftermath of Johnson.

A.  **Waiver of Collateral Attack in the Plea Agreement**

Respondent argues that Ward is barred from bringing this motion because his plea agreement contained a waiver of collateral attack. This argument is unpersuasive. Although the plea agreement does contain a waiver (see doc. 26 at 9-10), that waiver is unenforceable if Ward's sentence is unconstitutional. See Williams v. United States, 2016 WL 4917017, *3 (W.D.N.Y. Sept. 15, 2016) (citing United States v. Torres, 2016 WL 3770517, *8 (9th Cir. July 14, 2016)); see also United States v. Rosa, 123 F.3d 94, 101 (2d Cir. 1997). Therefore, the collateral attack waiver does not preclude the Court from entertaining Ward's present motion.

B.  **Johnson's Application to Ward's Enhanced Sentence**

In Johnson, the Supreme Court addressed the constitutionality of the ACCA's residual clause, which provided that a prior conviction qualified as a violent felony for purposes of sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii). Johnson held that the imposition of an increased sentence under the residual clause violates due process,

as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557.

This Court has previously decided that, because the language is identical, the Guidelines' residual clause, U.S.S.G. 4B1.2(a)(2), was rendered unconstitutionally vague under Johnson. See Lee (Antonio Demario) v. United States, 1:07-CR-00238 (MAT) (W.D.N.Y. Apr. 18, 2016) (Decision & Order, pp. 19-23) (collecting cases). In Welch v. United States, __ U.S. __, __, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson had retroactive effect, and under that same reasoning, this Court applies Johnson retroactively to Ward's challenge under the Guidelines. See, e.g., In re Patrick, 2016 WL 4254929, *3 (6th Cir. Aug. 12, 2016) ("The Supreme Court's rationale in Welch for finding Johnson retroactive applies equally to the Guidelines."). Moreover, "[b]ecause of the 'substantial similarity between the ACCA's definition of "violent felony" and the [Career Offender] Guidelines' definition of "crime of violence," authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase.'" United States v. Jones, 2016 WL 3923838, *3 (2d Cir. July 21, 2016) (citing United States v. Walker, 595 F.3d 441, 443 n.1 (2d Cir. 2010)).

**C. Ward's Attempted Third-Degree Burglary Conviction No Longer Qualifies as a Crime of Violence**

Ward was sentenced under U.S.S.G. § 4B1.1(a), which provides in relevant part that a defendant is a career offender if "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense[,] and . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Ward's sentence was enhanced, in part, for a predicate conviction of attempted third-degree robbery. Therefore, if, in the wake of Johnson, this conviction no longer qualifies as a crime of violence, Ward's sentence would be rendered retroactively unconstitutional and he would be entitled to resentencing.

The New York crime of attempted third-degree robbery no longer qualifies as a crime of violence under the residual clause of the Guidelines' career offender provisions. Third-degree robbery is committed by a defendant "forcibly steal[ing] property." N.Y. Penal Law § 160.05. In United States v. Jones, ___ F.3d ____, 2016 WL 3923838, *5 (2d Cir. July 21, 2016), the Second Circuit examined the issue, and found that "in the wake of Johnson[,] a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the meaning of the Career Offender Guideline." See also Diaz v. United States, 2016 WL 4524785, *6 (W.D.N.Y. Aug. 30, 2016) (holding that attempted third-degree robbery is not a violent felony under the ACCA).

4

The Court's conclusion that Ward's attempted second-degree robbery conviction is no longer a "crime of violence" is sufficient to grant relief under 28 U.S.C. § 2255 motion(a), because the career offender enhancement requires at least two prior convictions for crimes of violence or controlled substance offenses. See U.S.S.G. § 4B1.1(a).

Accordingly, resentencing by the original sentencing judge will best satisfy the requirements of due process in accordance with Rule 11 of the Federal Rules of Criminal Procedure, as the original sentencing judge is in the best position to consider the parties' arguments regarding resentencing. The Court therefore transfers this case to the original sentencing judge for resentencing.

### III. Conclusion

Ward's supplemented motion to vacate and correct his sentence (Docs. 51, 54) is granted to the extent that the matter is transferred to the Hon. Charles J. Siragusa, the original sentencing judge, for resentencing.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    September 26, 2016
             Rochester, New York.