UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEROME WARD, | **No. 6:10-CR-06039 (MAT)** |
| | **No. 6:16-CV-06407 (MAT)** |
| Movant, | |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

**I.  Introduction**

On June 15, 2016, movant Jerome Ward ("Ward"), a federal prisoner, moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On September 26, 2016, this Court issued a Decision and Order granting Ward's motion and transferring the matter to the Hon. Charles J. Siragusa for resentencing. Docket No. 59.  Ward's challenge to his sentence was based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Sentencing Guidelines, under which Ward was sentenced.

On September 30, 2016, respondent filed a motion for reconsideration and a motion for a stay of the Court's decision and order.  With consent of the Federal Public Defender, this Court held the matter in abeyance pending the Second Circuit's resolution of *United States v. Jones*, No. 15-1518-cr. The Federal Public

Defender, who had represented Ward on his § 2255 motion, subsequently moved to withdraw as counsel, and the Court granted that motion on May 12, 2017. Docket No. 69. The Court also lifted the stay in this matter and afforded Ward an opportunity to file a response to the pending motion for reconsideration, which he failed to do.

For the reasons set forth below, the Court grants respondent's motion for reconsideration and denies Plaintiff's § 2255 motion.

**II. Discussion**

    **A.   Standard for Reconsideration**

The standard for granting a motion for reconsideration is strict and such a motion will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation omitted).

    **B.   Reconsideration is Warranted**

In this case, there has been an intervening change in the controlling law that necessitates reconsideration of the Court's prior decision. This Court's initial decision on Ward's § 2255 motion was expressly premised on the holding that *Johnson* invalidated the residual clause language in the Sentencing

Guidelines. *See* Docket No. 59 at 2-3. However, on March 6, 2017, the Supreme Court of the United States held that *Johnson*, which found the residual clause of the ACCA unconstitutionally void for vagueness, did *not* void for vagueness the identical residual clause language contained in the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 894 (2017). This Court is bound by the holding in *Beckles*, and must therefore grant the Government's motion for reconsideration and deny plaintiff's § 2255 motion. *See, e.g., United States v. Carter*, 2017 WL 902863, at *3 (D. Or. Mar. 7, 2017) (granting motion for reconsideration and denying § 2255 motion based on the language of the residual clause in the Sentencing Guidelines in light of *Beckles*).

**III. Conclusion**

For the foregoing reasons, the Government's motion for reconsideration (Docket No. 61) is granted and plaintiff's § 2255 motion (Docket No. 51) is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:  October 2, 2017
        Rochester, New York.